1

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI DISTRICT OFFICE

+ + + + +

_____
                                :
IN THE MATTER OF:               :
                                :
REBA PEARCE,                    :
                                :
          Complainant,          : EEOC No.
                                : 510-2021-00255X
     v.                         :
                                :
CHRISTINE WORMUTH,              : Agency No.
Secretary, U.S. DEPARTMENT      : ARCEJACK21NOV00066
OF THE ARMY,                    :
                                :
          Agency.               :
                                :
_____:

                    Monday,
                    December 12, 2022

DEPOSITION OF:

                REBA ABRAHAM PEARCE

called for examination by Counsel for the
Agency, pursuant to Amended Notice of
Deposition, via Video-Teleconference, when were
present on behalf of the respective parties:

```
APPEARANCES:


On Behalf of the Complainant:

REBA ABRAHAM PEARCE, ESQ., pro se
reba.abraham@gmail.com


On Behalf of the Agency:

TRACEY TAYLOR, ESQ.
CATHARINE DEBELLE, ESQ.
Assistant Center Counsel
U.S. Army Corps of Engineers
7701 Telegraph Avenue
Alexandria, VA 22315
703-428-7207 (Taylor)
703-428-6479 (Debelle)
tracey.z.taylor@usace.army.mil
catharine.s.debelle@usace.army.mil


ALSO PRESENT:

THERESA AVERY, USACE
```



I would, again, add that I believe Elizabeth Moseley's conduct crossed a definite line. My understanding is that I was the first attorney that -- was hired by that district, that was either Asian-American or African-American. There had been a number of complaints concerning

248

1  attorneys in that office.  The idea that she
2  would have characterized the first attorney who
3  fell into either of those categories, and that
4  was quite visibly brown, as a security threat,
5  messaging that to the head of security, my
6  colleagues, and supervisors, without a truthful,
7  factual basis, is appalling.  Had it been anyone
8  else but me, the outcome would've likely been
9  worse or more damaging to that attorney.
10            I run around, I -- wear a gold cross
11  on my neck, my last name is Pearce.  You know,
12  there's a lot more reasons for me to be safe, but
13  the conduct was outrageous, it was based on
14  racist stereotypes.  In no circumstance should
15  any attorney be tagging their brown colleague as
16  a security threat without a factual basis.  Once
17  that occurred, it was incumbent on management to
18  resolve the issue, and had she continued it,
19  which, clearly, she had, based on the
20  documentation attached or provided in the ROI,
21  and attached to Ms. Vavrica's MFR, it -- had she
22  continued those Excel spreadsheets, had she

1   continued disparaging me, and harassing me, and
2   targeting me, she should've been fired, and it
3   was a failing on part of management not to ensure
4   that I was permitted to work in peace without
5   being the subject to the harassing, dangerous
6   allegations of me being a -- and unfounded
7   allegations of me being a security threat,
8   incompetent, unintelligent, et cetera, that I
9   should never have been subject to that, and it's
10  outrageous that management didn't take care of
11  it.  It's inexcusable.