UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBA ABRAHAM PEARCE,

                Plaintiff,

v.

                                                 Case No.: 3:24-cv-246-WWB-SJH

MARK AVERILL, Acting
Secretary of the Army,

                Defendant.

_____/

**DEFENDANT'S TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER REGARDING
<u>PLAINTIFF'S CORPORATE REPRESENTATIVE DEPOSITION</u>**

Defendant moves for a protective order, pursuant to Rule 26(c), Fed. R. Civ. P., limiting the scope of and/or matters for examination identified by Plaintiff in her Amended Notice of Taking Deposition Duces Tecum of Defendant's Corporate Representative Pursuant to Fed. R. Civ. P. 30(b)(6), which is currently scheduled for Wednesday, April 9, 2025. *See* Exhibit A.   Defendant has designated this Motion as time-sensitive because the deposition is set for April 9, 2025.   Accordingly, because the deposition is scheduled on Wednesday, April 9, 2025, Defendant requests that the Court either continue the deposition until resolution of the instant motion or endeavor to provide a resolution before the deposition.   *See* Handbook on Civil Discovery Practice, M.D. Fla. (2021), at p. 31.

In the Notice of Taking Deposition Duces Tecum of Defendant's Corporate Representative Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff, who is an attorney and appearing pro se, originally scheduled the deposition for March 26, 2025. *See* Exhibit B. The Plaintiff seeks to take the deposition of corporate representatives of Defendant and includes an expansive list of 36 matters for examination, in addition to subparts on

multiple topics, in this single-plaintiff employment discrimination case.   Although Defendant agreed to designate witnesses to testify to many topic areas, Defendant has raised multiple objections to most of the matters for examination. *See* Exhibit C, Response to Plaintiff's Notice of Taking Deposition Duces Tecum of Defendant's Corporate Representative Pursuant to Fed. R. Civ. P. 30(b)(6).[1]

Plaintiff seeks examination on matters that are not relevant to any claim or defense and/or not proportional to the needs of the case.   *See* Exhibits A and B at Matters for Examination nos. 4, 5, 7, 8, 11-13, 16, 18-20, 25-29, 32, 35, and 36. Also, Plaintiff seeks examination on matters that she has not described with reasonable particularity rendering the topics overly broad, vague, and/or ambiguous or overly broad and unduly burdensome. *Id.* at Matters for Examination nos. 1-5, 10-12, 14, 19, 21, 23, 27-32. In addition, Plaintiff seeks examination on matters prematurely and on matters that are based on a faulty or erroneous premise, and she seeks expert testimony and information protected from disclosure by the Privacy Act and potentially Rule 408, Fed. R. Evid. *Id*. at Matters for Examination nos. 6, 16-18, 22, 25, 29.   Last, Plaintiff seeks examination of matters protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege.   *Id*. at Matters for Examination nos. 1, 3, 6, 20, 22, and 23.

Despite spending multiple hours discussing these topics over a two-day period, Plaintiff declined to agree to reduce the scope of or to exclude the matters for examination to which Defendant has lodged an objection.   Hence, Defendant seeks the Court's

---

[1] To give the Parties additional time to have a meaningful opportunity to attempt to confer in good faith, the Parties agreed to reschedule the deposition from March 26, 2025 to April 9, 2025.   Plaintiff did not change the matters for examination in the amended notice.

assistance in narrowing the scope of and/or excluding topics to ensure that Defendant can meet his obligation to have reasonable well-prepared deponents to testify.

## BACKGROUND

Plaintiff, an attorney, is Indian American and self-describes her color or complexion as brown.   Doc 21 at ¶¶ 6-9. From December 26, 2018 to December 7, 2020, Plaintiff was a probationary employee, in the Office of Counsel for the Army Corps of Engineers, in the South Atlantic Division, Jacksonville District Office (SAJ). *Id*. at ¶¶ 8-9, 58   Plaintiff took maternity leave starting on or about April 21, 2020, delivering her baby shortly thereafter, *id*. at ¶ 43; Plaintiff returned to work on or about July 1, 2020. On or about October 30, 2020, Plaintiff's supervisor, Ms. Vavrica, advised Plaintiff of her proposed removal for the reasons set forth in the notice of removal.   *Id*. at ¶ 52.   On December 7, 2020, Plaintiff's probationary employment was terminated for the reasons set forth in the notice of removal. *Id*. at ¶ 58.

In Plaintiff's 117 paragraph Amended Complaint filed pursuant to Title VII, she alleges that her termination was due to pregnancy discrimination (Count I) and that she suffered a hostile work environment (Count II), a retaliatory hostile work environment (Count III), and a retaliatory termination (Count IV)   Doc. 21.   Defendant denies these allegations.   Doc. 25.

Plaintiff has deposed a co-worker, Susan Symanski, who was an attorney in the Office of Counsel at the time of Plaintiff's employment; John Pax, the District Counsel for the Office of Counsel in the Jacksonville District Office, who retired in January 2020; David Cooper, the Counsel for the U.S. Army Corps of Engineers, who recently retired; and,

Andrew Kelly who served as the Commander of the Jacksonville District of the Army Corps of Engineers, who retired in September 2021. Now, Plaintiff seeks to take the deposition of the Defendant's corporate representative on thirty-six matters for examination. *See* Exhibits A and B.

## ARGUMENT

Rule 30(b)(6) permits a party to conduct the deposition of a corporate representative; however, in the notice of taking the deposition of a corporate representative deposition, the party "must describe with reasonable particularity the matters for examination," Rule 30(b)(6), Fed. R. Civ. P., and "accurately and concisely identify the designated area(s) of requested testimony," Handbook on Civil Discovery Practice, M.D. Fla. (2021), at p. 7.

Pursuant to Rule 26(b)(1), a party may seek discovery, unless limited by the court, on any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering[: (1)] the importance of the issues at stake in the action [;… (2)] the importance of the discovery in resolving the issues[; and (3)] whether the burden or expense of the proposed discovery outweighs its likely benefit." However, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; …(C) prescribing a discovery method other than the one selected by the party seeking discovery; [and] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters… ."

4

Federal sector employment decisions should be "made free from any discrimination" "based on" race, gender, national origin, and color. S*ee* 42 U.S.C. §2000e-16(a).   In *Babb v. Wilkie*, 589 U.S. 399, 408, 140 S. Ct. 1168 (2020), a case brought under the ADEA, the Supreme Court held that "age must be the but-for cause of *differential treatment*, not that age must be a but-for cause of the *ultimate decision*." *Id*. at 1174. (emphasis in original). As a result, given the similarity of the language in the ADEA and Title VII, the Eleventh Circuit, applying *Babb*, held that "[s]o long as the protected characteristic is 'the but-for cause of differential treatment,' then it doesn't matter (for purposes of liability) that the protected characteristic isn't a 'but-for cause of *the ultimate decision*.'" *Babb v. Wilkie*, 992 F.3d 1193, 1205 (11th Cir. 2021) (quoting *Babb*, 589 U.S. at 399, 140 S. Ct. at 1174).   *See also Rosado v. Secretary of Navy*, 127 F.4th 858, 865 (11th Cir. 2025) (stating "[s]ince the relevant provisions of Title VII and the ADEA are 'materially identical,' we have construed them the same way.")

In this case, Plaintiff must show that her gender (pregnancy), race, color, retaliation and harassment was a but-for cause of differential treatment.   To show differential treatment, Plaintiff must be able to show that like employees received different treatment. *See Rosado*, 127 F.4th at 867-868 (stating "discrimination consists of treating like cases differently.")

I.      **Plaintiff Describes Matters for Examination that are not Relevant or Proportional to the Needs of the Case.**

In the first group of topic areas, Plaintiff seeks examination on matters that are neither relevant nor "proportional to the needs of this case, considering the importance of the

issues at stake in the action," "the importance of the discovery in resolving the issues,"

and the "burden or expense of the proposed discovery outweighs its likely benefit." Rule

26(b)(1), Fed. R. Civ. P. *See* Matters for Examination nos. 4, 5, 7, 8, 11-13, 16, 18-20,

25-29, 32, 35, 36.   These topics include:

4.   The basis for Defendant's responses to Plaintiff's discovery (interrogatories, requests for production, and requests for admission) in the EEOC proceeding preceding this lawsuit, including its assertions of privilege.

5.   The basis for Defendant's responses to Plaintiff's discovery in this lawsuit, including its assertions of privilege.

7.   The date, scope, and recipients of any litigation hold issued by Defendant from December 7, 2020 to present with respect to Plaintiff's claims.

8.   The information that Defendant contributed to the investigative file (a/k/a the Report on Investigation) that Defendant filed in the EEOC proceedings preceding this action, including management's statements.

11.   Whether Defendant has any knowledge or record of the Jacksonville District of USACE employing any non-Caucasian attorney prior to Plaintiff's hire.   If so, the racial/ethnic background of such person(s) and the dates during which such individual(s) were employed by the District.

12.   The number of attorneys terminated/fired by USACE's Jacksonville District from January 1, 2010 through November 1, 2024, including the basis for each such termination and whether the termination was contested.

13.   John Pax's placement of Plaintiff on a "detail," including: **a**. the identify of individuals who approved the detail; **b**. the scope, timing, and basis for the detail; **c**. who, if anyone, filled Plaintiff's permanent position, while she was on the detail; **d**. the position to which Plaintiff was expected to return on her completion of the detail(s), including the funding available for that position in light of other hiring actions approved prior to the completion of Plaintiff's detail; **e**. whether Plaintiff's initial detail was renewed or followed by another detail.

16.   Any investigation that Defendant performed regarding Plaintiff's reports of discrimination prior to and following the termination of her employment,

including: **a**. the authority under which the investigation was performed; **b**. the name and position of the person who performed the investigation; **c**. the timing and scope of the investigation; and **d**. the results of any such investigation.

18. The factual basis for Defendant's assertion in about November of 2020 that the Family and Medical Leave Act did not apply to Plaintiff's maternity leave.

19. All reports Ms. Moseley has made concerning Plaintiff to building security, Federal Protective Services, Homeland Security, or any other law enforcement agency from January 2019 to the present.

20. The specific circumstances under which the declaration, executed by Susan Symanski in January 2023 and filed in the EEOC proceeding preceding this action, was procured and prepared.   This includes the names and positions of the individuals who procured the declaration or participated in its preparation.

25. The actual or anticipated (1) position, (2) duty station, and (3) pay grade for the following individuals for the period from December 7, 2020 through December 31, 2025: a. Elizabeth Vavrica; b. Elizabeth Moseley; c. Daniel Murray; d. Joseph Sahl; e. Susan Symanski.

26. The settlement authority for Defendant in this matter.

27. All formal and informal EEO, MSBP, or OSC complaints asserted against Defendant, from January 1, 2010 to the present, concerning the conduct of the following individuals: **a**. Elizabeth Vavrica; **b**. John Pax; **c**. Elizabeth Moseley; **d**. Joseph Sahl; **e**. Cornelius Purcell; **f**. Daniel Murray; **g**. David Cooper; or **h**. the Jacksonville District's Office of Counsel.

28. Each of the claims identified in paragraph 69 of Plaintiff's Amended complaint, including (1) the substance and resolution of the claim and (2) the identity of the USACE Jacksonville District attorney(s) who handled each of these matters for the Defendant.

29. The settlement agreement that Defendant presented to Plaintiff on about October 30, 2020.   This topic includes: **a**. the identity of the person who prepared the settlement agreement; **b**. the number of times that the Jacksonville District presented an employee the same or substantially equivalent settlement agreement, together with notice of their proposed termination, from January 1, 2016 through December 31, 2020; **c**. the

7

number of times that the Jacksonville District presented an employee the same or substantially equivalent settlement agreement, together with notice of their proposed termination, from January 1, 2016 through December 31, 2020, after that employee initiated an EEO complaint or OSC complaint; **d**. the identity of the individual who authorized Elizabeth Vavrica to attempt to settle Plaintiff's employment claims via the settlement agreement using administrative leave; **e**. the source of Elizabeth Vavrica's authority to use administrative leave to settle an employment claim in October of 2020; and **f**. permitted uses of administrative leave.

32.    The approximate number of employment discrimination and retaliation claims that USACE employees filed against the Defendant from January 1, 2016 through January 1, 2022 and, roughly, the percentage of those claims which the agency chose to defend versus settle.

35.    The manner in which ethics complaints against the attorneys within the US Army Corp of Engineer's Office of Counsel are reported, tracked, and resolved.

36.    The manner in which the ethics concerns raised by Plaintiff concerning Defendant's defense of this matter has been reported, tracked, or resolved.

This is a single plaintiff employment discrimination action, and the above topics are neither relevant nor proportional to the needs of this case.   *See* Exhibit C.   For instance, topic nos. 4 and 5 are not proportional to the needs of this case because Defendant answered interrogatories and requests for admission in the previous proceedings before the EEOC and produced a cache of documents in the EEOC proceedings and the instant action; thus, having someone testify about previously produced discovery is disproportional to the needs of the case.   Further, testimony about topic no. 7 regarding the imposition of a litigation hold, in the absence of any articulable spoilation issue, and topic no. 8 regarding the documents included by the Agency in the Report of Investigation is not proportional to the needs of the case.

8

In addition, topic nos. 11 and 12 regarding the institutional knowledge of the race of attorneys hire without any temporal limits (topic   no. 11) or the number of attorneys fired over a 14-year period of time, including the basis of and whether the termination was contested, is not proportional to the needs of the case and has little relevance to whether Plaintiff's own termination was discriminatory.   Further, topic no. 13 is not proportional to the needs of the case because Plaintiff has already deposed Mr. Pax, the subject of this particular topic, and this would simply be duplicative. *See Rollins v. Cone Distributing, Inc.*, Case No. 4:15cv486-RH/CAS, 2016 WL 10650414, at *1 (N.D. Fla. Apr 28, 2016) (concluding "plaintiff sought the use the 30(b)(6) deposition for a duplicative inquiry into the facts of the case.   The Plaintiff had already deposed the defendant's employees with the knowledge of the relevant facts.   The attempt to take a duplicative deposition was disproportional to the needs of the case.")   Also, testimony regarding any investigation performed other than the EEO investigation, which occurred after her termination, *i.e.*, topic no. 16, has no relevance to Plaintiff's claims.

With respect to topic no. 18, any testimony regarding a FMLA claim is not relevant because Plaintiff has not raised a FMLA claim in this case.   Also, topic no. 19, any purported reports to building security in a private office building for a four-year period after Plaintiff's termination is not relevant to Plaintiff's claim in this case. In addition, topic no. 20, much like topic nos. 25-26, 29 and 35-36, have no relevance to Plaintiff's claims of discrimination in this case.

In topic nos. 27, 28, and 32, Plaintiff seeks information—about remote EEO, MSBP, OSC claims against individuals against whom Plaintiff has asserted no colorable

9

or creditable claim of discrimination asserted, lawsuits cited in her ¶ 69 of the Amended Complaint that are remote in time from her allegations or for employees who are not attorneys or probationary employees, and the number of discrimination and retaliation claims against the Agency and whether the Agency defended versus settled—which is not relevant to her claims and disproportional to the needs of this case.   Further, this is a single plaintiff case in which Plaintiff alleges disparate treatment.   This is not a pattern and practice case because such cases can be brought either on behalf of a class of similarly situated individuals or by the EEOC. *Gen. Tel. Co. of Sw.*, 457 U.S. at 156, 102 S. Ct. at 2369, 72 L. Ed. 2d 740 (1982); *Davis*, 516 F.3d 955, 969 (11th Cir. 2008) (finding that district court did not err in dismissing plaintiffs' pattern and practice claim because such a claim can only be maintained as a class action and plaintiffs did not seek class certification), *abrogated on other grounds by*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Smith v. City of Lake City, Fla.*, No. 3:12-CV-553-J-99MMH, 2012 WL 4772286, at *1 (M.D. Fla. Oct. 8, 2012) (striking paragraph sounding in pattern and practice claim in complaint by individual); *see also Banks v. Ackerman Sec. Systems, Inc.,* Civil Action No. 1:09-cv-229-CC, 2009 WL 974242 (N.D. Ga. Apr 10, 2009), (dismissing individual Plaintiff's pattern and practice claim, to the extent one was asserted, where many of the allegations in Plaintiff's Complaint read like allegations that would be made to support a pattern and practice claim of discrimination).   Thus, none of this information is relevant and is disproportional to the needs of this case.

As set out more fully in Defendant's objections to these topics, Plaintiff's topics are not relevant or proportional to the needs of the case.   *See* Exhibit C.

II.    **Plaintiff Describes Matters for Examination that are Overly Broad, Vague, and/or Ambiguous or Overly Broad and Unduly Burdensome**.

In this group of topics, Plaintiff seeks examination on matters that are not described with reasonable particularity rendering the topics overly broad, vague, and/or ambiguous or overly broad and unduly burdensome.    *See* Exhibits A and B at Matters for Examination nos. 1-5, 10-12, 14, 19, 21, 23, 27-32.   These topics include:

1.    The basis for Defendant's answer to each allegation of Plaintiff's Amended Complaint.

2.    Defendant's defenses, including affirmative defenses, to Plaintiff's Amended Complaint.

3.    The evidentiary basis for Defendant's defenses, including its affirmative defenses.

4.    The basis for Defendant's responses to Plaintiff's discovery (interrogatories, requests for production, and requests for admission) in the EEOC proceeding preceding this lawsuit, including its assertions of privilege.

5.    The basis for Defendant's responses to Plaintiff's discovery in this lawsuit, including its assertions of privilege.

10.    The timing and scope of all efforts made by Plaintiff's supervisors to terminate Plaintiff's employment.

11.    Whether Defendant has any knowledge or record of the Jacksonville District of USACE employing any non-Caucasian attorney prior to Plaintiff's hire.   If so, the racial/ethnic background of such person(s) and the dates during which such individual(s) were employed by the District.

12.    The number of attorneys terminated/fired by USACE's Jacksonville District from January 1, 2010 through November 1, 2024, including the basis for each such termination and whether the termination was contested.

14.    Defendant's compliance with the Department of Army's regulation and the US Army Corp's supplemental regulation governing details.

11

19.   All reports Ms. Moseley has made concerning Plaintiff to building security, Federal Protective Services, Homeland Security, or any other law enforcement agency from January 2019 to the present.

21.   The amount of compensation that Plaintiff would have been potentially eligible to receive had her employment with Defendant continued past December 7, 2020, including leave, bonuses, and other benefits.

23.   The feasibility of reinstatement as a potential remedy to any unlawful discrimination found in this matter.   This topic includes the reason for any change as to Defendant's previously stated position on this issue.

27.   All formal and informal EEO, MSBP, or OSC complaints asserted against Defendant, from January 1, 2010 to the present, concerning the conduct of the following individuals: **a**. Elizabeth Vavrica; **b**. John Pax; **c**. Elizabeth Moseley; **d**. Joseph Sahl; **e**. Cornelius Purcell; **f**. Daniel Murray; **g**. David Cooper; or **h**. the Jacksonville District's Office of Counsel.

28.   Each of the claims identified in paragraph 69 of Plaintiff's Amended complaint, including (1) the substance and resolution of the claim and (2) the identity of the USACE Jacksonville District attorney(s) who handled each of these matters for the Defendant.

29.   The settlement agreement that Defendant presented to Plaintiff on about October 30, 2020.   This topic includes: **a**. the identity of the person who prepared the settlement agreement; **b**. the number of times that the Jacksonville District presented an employee the same or substantially equivalent settlement agreement, together with notice of their proposed termination, from January 1, 2016 through December 31, 2020; **c**. the number of times that the Jacksonville District presented an employee the same or substantially equivalent settlement agreement, together with notice of their proposed termination, from January 1, 2016 through December 31, 2020, after that employee initiated an EEO complaint or OSC complaint; **d**. the identity of the individual who authorized Elizabeth Vavrica to attempt to settle Plaintiff's employment claims via the settlement agreement using administrative leave; **e**. the source of Elizabeth Vavrica's authority to use administrative leave to settle an employment claim in October of 2020; and **f**. permitted uses of administrative leave.

30.   Documents reflecting the U.S. Army Corps of Engineers' policies, practices, and procedures for: **a**. ensuring a harassment free work environment; **b**. reporting unlawful discrimination; **c**. tracking reports of unlawful discrimination; **d**. investigating complaints of unlawful

12

discrimination; **e**. resolving complaints of unlawful discrimination; **f**. re-instating employees terminated due to unlawful discrimination; **g**. disciplining those found to have perpetrated unlawful discrimination or who failed to ensure a harassment free work environment; and **h**. ensuring that prior complaints concerning an applicant are considered in determining whether to select that applicant for a supervisory position.

31.     Defendant's compliance with its above [#30] policies, practices, or procedures in its investigation and handling of Plaintiff's discrimination claims.

32.     The approximate number of employment discrimination and retaliation claims that USACE employees filed against the Defendant from January 1, 2016 through January 1, 2022 and, roughly, the percentage of those claims which the agency chose to defend versus settle.

33.     Documents reflecting the U.S. Army Corps of Engineers' policies or procedures for an employee's use of pregnancy or paternity leave.

34.     Documents reflecting the U.S. Army Corps of Engineers' policies or procedures for an employee's use of leave protected under the Family and Medical Leave Act.

Because Plaintiff does not describe the above topics with reasonable particularity and/or concisely identify the requested testimony, these topics are overly broad, vague and/or ambiguous or overly broad and unduly burdensome on Defendant.   *See* Exhibit C.   For instance, to address topic nos. 1-3 and 10 Defendant's deponent must be prepared on all the facts, proof, and/or evidence, which in whole or in part, serves as the basis for Defendant's answer to each allegation of Plaintiff's 117 paragraph Amended Complaint, the affirmative defenses, answers to discovery.   *See Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 109-110 (D. Nev. 2023) (granting motion for protective order because the "Rule 30(b)(6) deposition notice is excessive and improper.   The deposition topics attempt to cover nearly every conceivable facet of this litigation, making the

13

preparation of a thoroughly educated witness infeasible.   Burdening the defense with the task of trying to prepare a corporate deponent…is not appropriate" and noting that, because it is not possible to cover all of the broad topics during a 7-hour deposition, "it is plain that much of the preparation of a corporate deponent would almost certainly be wasted on matters not actually covered during the deposition."); *Megdal Assoc., LLC v. La-Z-Boy, Inc.*, Case No. 14-81476-Civ-Zloch, 2016 WL 4503337, at *6 (S.D. Fla. Feb 1, 2016) (finding defendant's discovery—"[i]dentify all facts and legal bases that tend to support or refute each and every allegation in the Complaint"—overly broad and unduly burdensome because defendant's discovery "[i]t is not tailored to any specific claim or allegation in the Amended Complaint. Read literally, [the discovery] sweeps in not only material facts, but incidental details, secondary accounts, trivial tidbits—even facts supporting allegations that Defendant has admitted.")

Further, in topic nos. 4 and 5, Plaintiff seeks testimony about the bases for Defendant discovery responses in the proceedings before the EEOC and in the instant litigation, which is not reasonably particular rendering it overly broad. *See Dennis v. United States*, Case No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *9-10 (N.D. Tex Oct 23, 2017) (finding Rule 30(b)(6) topic—"[t]he facts upon with Defendant bases its discovery responses, including its interrogatory answers and document production"—is overly broad because party "fails to describe the testimony sought with reasonable particularity to enable Defendant to reasonably identify and marshal the facts to which it must prepare its corporate representative to testify," and granting protective order).

14

In topic nos. 11, 12, and 29, Plaintiff seeks examination on the Agency's "knowledge" or record of any non-Caucasian attorney ever hired prior to December 2018 hiring—including dates of employment, race, and ethnic background; the number of attorneys terminated over a 14 year period including the basis for firing and whether it was a contested termination; and how many times a particular settlement agreement has be offered to an after initialing a complaint.    However, discovering the knowledge/information to educate a witness, if at all possible, is unduly burdensome to Defendant because the Agency doesn't collect this type of information on employees.

For topic nos. 14, 30-31, 33-34, because Plaintiff does not identify the specific Army regulations, supplemental regulations, policies, practices, and procedures to which she refers, Defendant has to guess which regulations, and which particular sections, she intends to cover, rendering the preparation of a thoroughly educated witness infeasible.[2] For topic no. 19, Defendant does not know whether "all reports" include oral reports even if there is no record of it and, if an oral or written report was made over the last six years, then Defendant does not know what is meant by "any other law enforcement agency;" thus, even if Plaintiff has no actual knowledge of such report being made or suffered any consequences of any such reports, it is infeasible for Defendant to prepare a witness on this matter.

In addition, in topic nos. 21 and 23, Plaintiff seeks to potential compensation to which she was potentially eligible and the "feasibility of reinstatement;" neither topic is

---

[2] While Plaintiff agreed to provide copies of some of the regulations upon which she intends to examine the witness, she did not agree to narrow the topic.

15

knowable and would be infeasible, or at the very least burdensome, for Defendant to prepare either of these topics especially because civil service employment is influx.

Further, in topic nos. 27, 28, and 32, Plaintiff seeks to examine a witness regarding all of the formal and informal EEO, MSP, and OSC claims filed against the identified individuals, including individual against whom Plaintiff has made no colorable or creditable claims of discrimination, over an unreasonable 15-year period, including years before and years after her removal; remote claims and lawsuits identified in ¶ 69 of the Amended Complaint, regardless of the circumstances; and the number of discrimination claims filed against the Army Corps of Engineers and whether such claims were defended or settled, regardless of the circumstances. In this single plaintiff action, the topics upon which Plaintiff seeks examination are overly broad and it is unduly burdensome for Defendant to prepare a witness.

As set out more fully in Defendant's objections to these topics, Plaintiff's topics are overly broad, vague, and/or ambiguous are overly broad and unduly burdensome.

III. **Plaintiff Describes Matters for Examination that are not Appropriate Topics for a Lay Witness.**

In this third group of topics—nos. 6, 16-18, 22, 25, and 29, Plaintiff seeks examination on topics which are inappropriate for a lay witness. These topics include:

6. The evidence that Defendant intends to present at trial, including the identify of all witnesses and a description of all documents.

16. Any investigation that Defendant performed regarding Plaintiff's reports of discrimination prior to and following the termination of her employment, including: **a**. the authority under which the investigation was performed; **b**. the name and position of the person who performed the investigation;

16

**c**. the timing and scope of the investigation; and **d**. the results of any such investigation.

17.    Any action Defendant has taken or intends to take in response to the evidence that Elizabeth Moseley solicited the assistance of another employee in making further reports concerning Plaintiff following Plaintiff's separation from employment and initiation of her civil rights claims.  *See* Amended Complaint, Exhibit 3.

18.    The factual basis for Defendant's assertion in about November of 2020 that the Family and Medical Leave Act did not apply to Plaintiff's maternity leave.

22.    Any objection or criticism that Defendant has concerning the expert report prepared by Dr. Paul Mason or the calculations underlying that report.

25.    The actual or anticipated (1) position, (2) duty station, and (3) pay grade for the following individuals for the period from December 7, 2020 through December 31, 2025: a. Elizabeth Vavrica; b. Elizabeth Moseley; c. Daniel Murray; d. Joseph Sahl; e. Susan Symanski.

29.    The settlement agreement that Defendant presented to Plaintiff on about October 30, 2020.   This topic includes: **a**. the identity of the person who prepared the settlement agreement; **b**. the number of times that the Jacksonville District presented an employee the same or substantially equivalent settlement agreement, together with notice of their proposed termination, from January 1, 2016 through December 31, 2020; **c**. the number of times that the Jacksonville District presented an employee the same or substantially equivalent settlement agreement, together with notice of their proposed termination, from January 1, 2016 through December 31, 2020, after that employee initiated an EEO complaint or OSC complaint; **d**. the identity of the individual who authorized Elizabeth Vavrica to attempt to settle Plaintiff's employment claims via the settlement agreement using administrative leave; **e**. the source of Elizabeth Vavrica's authority to use administrative leave to settle an employment claim in October of 2020; and **f**. permitted uses of administrative leave.

For instance, in topic nos. 6, Plaintiff seeks to prematurely examine a witness on

the disclose of the identity of Defendant's trial witnesses and exhibits. *See Brock v. R.J.*

17

*Auto Parts and Service, Inc.*, 864 F.2d 677, 679 (10th Cir. 1988)(concluding district court erred in prematurely requiring identification and designation of trial witnesses during discovery).   *See also Klitzke v. Menard, Inc.*, Case No. 4:21-cv-04029-KES, 2022 WL, at *3 (D. S.D. Jul 27, 2022)(sustaining objection to discovery—seeking the "identity of all trial witnesses and state what their testimony will be" and the "identity of all its trial exhibits"—as premature because a party may not know until closer to trial who will be a witness or which exhibits will be used at trial).   With respect to topics nos. 16-18, Plaintiff seeks examination on matters where the premise is erroneous or, at the very least, a matter of dispute between the Parties. *See Sexton v. Poulsen & Skousen, P.C.*, Case No. 2:17-cv-1008 JNP, 2018 WL 3336655, at *4 (D. Utah Jul 6, 2018) (stating that "[s]imilar to any question in a deposition or at trial, an interrogatory must have a proper form.   A party may object to an interrogatory for a variety of reasons such as being unduly vague, compound, argumentative, overly broad or that an interrogatory is based on a premise which is false.")

Also, in topic no. 22, Plaintiff seeks expert testimony.   In addition, Plaintiff seeks examination on irrelevant information, which is also protected by the Privacy Act, 5. U.S.C. § 552a. Further, in topic no. 29, Plaintiff seeks examination on mattes that likely violate Rule 408, Fed. R. Evid. As set out more fully in Defendant's objections to these topics, Plaintiff's topics are not appropriate for lay witness testimony.

IV.    **Plaintiff Seeks Testimony About Topics that are Protected by the Attorney Work Product Doctrine**.

This last group of topics—nos. 1, 3, 6, 20, 22, and 23—is, in whole or in part, protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. These topics include:

1.    The basis for Defendant's answer to each allegation of Plaintiff's Amended Complaint.

3.    The evidentiary basis for Defendant's defenses, including its affirmative defenses.

6.    The basis for Defendant's responses to Plaintiff's discovery in this lawsuit, including its assertions of privilege.

20.    The specific circumstances under which the declaration, executed by Susan Symanski in January 2023 and filed in the EEOC proceeding preceding this action, was procured and prepared.  This includes the names and positions of the individuals who procured the declaration or participated in its preparation.

22.    Any objection or criticism that Defendant has concerning the expert report prepared by Dr. Paul Mason or the calculations underlying that report.

23.    The feasibility of reinstatement as a potential remedy to any unlawful discrimination found in this matter.   This topic includes the reason for any change as to Defendant's previously stated position on this issue.

Here, in an abundance of caution, Defendant objects to topic nos. 1 and 3, to the extent Plaintiff seeks examination of matters protected by the attorney work product doctrine.   Plaintiff, in topic no. 6, seeks examination of matters protected by attorney work product doctrine because Plaintiff seeks testimony based on Defendant's counsel's intended use of documents or the identity of witnesses for Defendant's defense of the case, rather than a category of documents or witnesses with knowledge

19

of the case.    *See United States v. Bd of Ed Caddo Parish*, Case No. Civ. A 94-0155, 1995 WL 450984, at *3 (W.D. La. Apr 21, 1995) (concluding that a discovery request for all trial exhibits "violates the work product doctrine because it does not request document by relevant category, but rather only by the use to which the plaintiff's attorneys intend to put the documents.")

With respect to topic nos. 20, 22, and 23, Plaintiff seeks examination on matters protected by the attorney-client privilege or attorney work product doctrine by seeking testimony regarding the preparation of a document in the proceedings before the EEOC, counsel's critique of Plaintiff's expert witness's report, and the basis for a potential change in Defendant's settlement position. As set out more fully in Defendant's objections to these topics, Plaintiff's topics are protected from disclosure.

## CONCLUSION

Based on the foregoing arguments and citations of authority, Defendant respectfully requests that the Court enter an order of protection, narrowing the scope of and/or or excluding the matters for examination as discussed above and as more fully set forth in Defendant's objections to the matters for examination.

20

**LOCAL 3.01(g) CERTIFICATION**

The undersigned hereby certifies that she conferred with Plaintiff and states that

Plaintiff opposes the relief requested herein.

Dated: April 1, 2025

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/ Ronnie S. Carter*
RONNIE S. CARTER
Assistant United States Attorney
Florida Bar No. 0948667
300 North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Telephone No. (904) 301-6322/6300
Facsimile No. (904) 301-6240
Email: Ronnie.Carter@usdoj.gov
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 1, 2025, I electronically filed the foregoing

document with the Clerk of the Court by using the CM/ECF system, which will send a

notice of electronic filing to the following CM/ECF participant:

Reba A. Pearce, Esquire
St. Augustine Law Group, P.A.
Florida 2740 U.S. Highway 1 S
St. Augustine, FL 32086
Emails: Reba@staugustinelawgroup.com
RebaAbrahamPearce@gmail.com
*Pro se Plaintiff*
*Pro se Plaintiff*

*/s/ Ronnie S. Carter*
RONNIE S. CARTER
Assistant United States Attorney

21